ELIZA A. MILLER *et al.*

*v.*

THE CITY OF STERLING.

*Opinion filed October 25, 1902.*

1. EMINENT DOMAIN—*city cannot take property for street without payment of just compensation.* While a city may take private property for the purpose of straightening a street, yet it can do so only upon payment of just compensation for the land taken or damaged.

2. SAME—*block of ground near heart of city presumed to be municipal territory.* A small block of ground located near the heart of a city and surrounded with streets and sidewalks, some of them located upon part of the land, will be presumed to be municipal territory, so far as jurisdiction of the city to condemn is concerned, until the contrary is shown.

APPEAL from the County Court of Whiteside county; the Hon. HENRY C. WARD, Judge, presiding.

J. E. McPHERRAN, for appellants.

WALTER N. HASKELL, and C. L. SHELDON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

On the petition of the city of Sterling the county court of Whiteside county rendered a judgment condemning a strip of land 66.7 feet wide and 141.7 feet long through block D, appellants' land, for a public street connecting two separate parts of First avenue, a public street of the city of Sterling. Nothing was allowed, on appellants' cross-petition, for damages to land not taken, but $4000 was allowed to appellant Eliza A. Miller for her land taken and $50 to appellant Joseph T. Miller for his land taken. The following plat shows the *locus in quo:*

The appellants moved the court below to dismiss the petition on the principal ground alleged that the land was not within the territorial jurisdiction of the city, appellants' contention being, that although the city ex-

tended around said block D for many blocks on all sides of it, said block D had never been annexed to or taken into the city. If this contention be true, then here was a small block of ground, containing less than one acre of land, lying near the center of the city, which was not within its jurisdiction. The evidence showed that the city had opened streets around it which were used as public streets, some of them on part of the same land; had located and built sidewalks on each side of such streets, some of them upon the petition of appellants; had assessed the property for city taxes from 1890 to 1896, which appellants had paid, though under protest; had put in sewers, electric lights and other public improvements in and upon such streets, and, so far as we can discover from the evidence, the city had for many years exercised over the property in question the same municipal jurisdiction as over other blocks of land within its limits. Joseph T. Miller, one of the appellants, testified that said block D had never been platted as a part of the city of Sterling or as an addition thereto, but that block D was platted by the county authorities in pursuance of an order that all tracts of land should be numbered, and that appellants then subdivided the block into sub-lots for purposes of description, but had not divided it into city lots. Certain plats were given in evidence, showing additions annexed from time to time to the city on different sides of this block but none embracing it. Situated within the boundaries of the city, the presumption arises that the block in question is a part of the municipal territory, and we are of the opinion that this presumption was not overcome by the evidence. It follows that the court did not err in overruling the motion to dismiss.

The most serious question in the case arises out of the denial of compensation to appellants for damages to land not taken. Block D had been subdivided into sub-lots 1, 2 and 3. The appellant Eliza A. Miller owned all

of sub-lot 1 except the west 55½ feet fronting on Eighth street, as shown on the plat.  Said 55½ feet and all of sub-lot 2 belonged to appellant Joseph T. Miller.  He had previously sold and conveyed sub-lot 3.  It was not claimed that sub-lots 2 and 3 were damaged, but appellant Eliza A. Miller claimed that that part of sub-lot 1 belonging to her and not taken was damaged, and it is somewhat difficult to find any sufficient grounds upon which to justify the verdict in refusing her such damages.  As seen from the plat, the taking of the strip for the street left to her of sub-lot 1 a triangular piece, with a base of 18 feet fronting on Eighth street and running back to a point, where it is intersected by the west line of the strip taken.  It is apparent that such a piece of land so located would be of but little value for any purpose.  Then, again, she was left with a strip off the east side of sub-lot 1, irregular in shape, it being 27.3 feet fronting south on Eighth street and 47.4 feet where it abutted on other property on the north.  It is almost as difficult as in the other case to understand by what process of reasoning it could be determined that this part of sub-lot 1 was not damaged.  While this piece was not a triangle with the point to the street, it is apparent that there was such an approximation to such a figure as to greatly diminish its value.  From what we regard as the weight of the evidence this piece of the lot was diminished in value, notwithstanding certain witnesses testified that it would be enhanced in value fifty per cent by the opening of the street, because it would be given another front.  How much more such a strip of ground would be enhanced in value in a small city if streets should be opened on all sides of it this testimony did not indicate.  Neither the plat nor the evidence indicates that there was in the vicinity any dearth of streets; but while the city had the right to open some more, and it may have been beneficial to the public to take the land condemned in order to straighten First avenue, yet it

could do so only upon payment of just compensation for land taken or damaged. The jury viewed the premises, but just what they saw beyond what the plat and the evidence show, we cannot, of course, tell. But so far as the record discloses, the only ground upon which it could have been decided that benefits accrued to the parts of sub-lot 1 not taken was, that such parts would, when the street should be opened, lie between it and the land of another, namely, appellant Joseph T. Miller, thus making it desirable to him to purchase these strips, so as to have a front to his property on the new street. If, in any case, such a limitation of the use of property to only one purpose,—that is, to be sold to an adjoining owner for use in connection with his property,—could be regarded as a benefit, no basis to so regard it can be found in this case, in view of the proximity of other streets. For example, it is not easy to see that the triangular piece left to Eliza A. Miller on the west side of the new street, with a frontage of 18 feet on Eighth street, could be so necessary or useful to Joseph T. Miller, as the owner of the strip of 55½ feet west of it, as to greatly enhance its value, when it is seen that said tract of 55½ feet already has a street on each of three of its sides, besides the new one across its north-east corner. The preponderance of the evidence was that the 18-foot strip on the west of the new street and the 27-foot strip on the east of it would be greatly lessened in value by the taking of the land condemned for the street, and the jury should have ascertained and allowed such damages. Nor have we any doubt, from the evidence, that said tract of 55½ feet belonging to Joseph T. Miller will be damaged by the opening of the new street, aside from the value of the 7-foot strip taken from its north-east corner.

For the errors indicated, a new trial should be had on the question of damages. The judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*